Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| WILFREDO ACEVEDO RÍOS<br><br>Peticionario<br><br><br>V.<br><br><br>TRIPLE S VIDA, INC.<br><br>Recurrido | KLCE202500065 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala<br>Superior de Fajardo<br><br>Civil Núm.:<br>FA2020CV00161<br><br>Sobre:<br>Despido Injustificado<br>(Ley Núm. 80),<br>procedimiento sumario<br>bajo ley núm. 2 |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de enero de 2025.

Comparece ante nos, Wilfredo Acevedo Ríos (en adelante, "el peticionario"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Resolución Interlocutoria*" emitida el 2 de enero de 2025 y notificada el 7 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante la referida "*Resolución Interlocutoria,*" dicho tribunal declaró *No Ha Lugar* la "*Moción de eliminación de alegaciones por incumplimiento reiterado y contumaz de órdenes para descubrir prueba*," presentada por el peticionario.

Junto al recurso de epígrafe, el peticionario presentó una "*Moción de auxilio de jurisdicción*," a los fines de solicitarnos que paralicemos los procedimientos del caso de epígrafe que se están dilucidando ante el tribunal de instancia, para que así el término de veinte (20) días que le fuera concedido para fijar su posición respecto a la "*Solicitud de Sentencia Sumaria*," presentada por Triple S Vida, Inc., (en lo sucesivo, "Triple S"), quede en suspenso hasta la resolución del presente recurso.

Además, el peticionario presentó una "*Moción de autorización para presentar petición de certiorari en exceso del límite de páginas*" y una "*Moción de autorización para presentar el apéndice en formato digita*l."

Por los fundamentos que expondremos a continuación, *desestimamos* la "*Moción de auxilio de jurisdicción*," por no cumplir con las disposiciones establecidas en la Regla 79(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y *denegamos* la expedición del auto solicitado.

**I.**

El 14 de febrero de 2020, el peticionario presentó "*Querella*" en contra de Triple S. Ello, de conformidad al procedimiento sumario establecido en la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según emendada, 32 LPRA sec. 3118, et seq. En esencia, argumentó que fue injustamente despedido por su patrono Triple S, a pesar de tener unas evaluaciones de desempeño laboral exitosas. Fundamentó la referida reclamación de despido, a tenor de las disposiciones de la Ley Sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a et seq. Finalmente, peticionó al foro recurrido que le ordenara a Triple S el pago de honorarios de abogado.

En reacción, el 20 de julio de 2020, Triple S presentó *"Contestación a la Querella*." En síntesis, admitió que fue patrono del peticionario. No obstante, negó las alegaciones atinentes al despido injustificado bajo el fundamento de que el peticionario había infringido su reglamentación interna.

Así las cosas, el 25 de agosto de 2020, el foro recurrido notificó una "*Minuta*." Mediante la que, entre otras cosas, determinó convertir el presente procedimiento en un asunto ordinario. Posteriormente, las partes comenzaron el descubrimiento de prueba requerido en nuestro ordenamiento procesal civil. Durante el referido proceso, el 17 de febrero de 2023, el peticionario cursó un "*interrogatorio inicia*l" a Triple S.

Luego de múltiples objeciones del peticionario referentes a las contestaciones producidas por Triple S con relación a dicho interrogatorio y otros que le fueran cursados, así como de múltiples intervenciones del foro recurrido para adjudicar las controversias presentadas, el 22 de julio de 2024, Triple S presentó una "*Solicitud de Sentencia Sumaria*." En síntesis, sostuvo que no existía controversia sobre los hechos esenciales del caso, dado que el peticionario había admito que incumplió con reglamentación laboral interna.

En atención a la solicitud presentada, el 23 de julio de 2024, el foro recurrido concedió veinte (20) días para que el peticionario contestara el referido petitorio. Acto seguido, nuevamente se presentaron desacuerdos entre las partes con relación al descubrimiento de prueba del caso. Ante ello, 3 de diciembre de 2024, el peticionario presentó "*Moción de eliminación de alegaciones por incumplimiento reiterado y contumaz de ordenes para descubrir prueba.*" En esencia, aseveró que Triple S no había cumplido con contestar los interrogatorios cursados de una forma responsiva, específica y completa. A la luz de lo anterior, alegó que no procedía que él presentara una oposición a la "*Solicitud de Sentencia Sumaria,*" si no hasta que se resolvieran finalmente los planteamientos relacionados al descubrimiento de prueba del caso.

En respuesta, el 23 de diciembre de 2024, Triple S presentó "*Oposición a Moción de Eliminación de Alegaciones por Incumplimiento Reiterado y Contumaz de órdenes para Descubrir Prueba.*" En lo atinente, arguyó que el peticionario no había intentado resolver los planteamientos sobre el descubrimiento de prueba entre las partes, antes de acudir a peticionar remedio judicial. Además, añadió que el peticionario no había demostrado cual orden del foro recurrido Triple S había incumplido. Por lo cual, procedía que se declara *No Ha Lugar* la "*Moción de eliminación de alegaciones por incumplimiento reiterado y contumaz de órdenes para descubrir prueba,*" presentada por el peticionario.

Trabada la controversia, el 7 de enero de 2025, el foro recurrido notificó la "*Resolución Interlocutoria*" que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* la "*Moción de eliminación de alegaciones por incumplimiento reiterado y contumaz de órdenes para descubrir prueba*," presentada por el peticionario. Además, le concedió al referido peticionario un término final de veinte (20) días para que presentara su posición con relación a la "*Solicitud de Sentencia Sumaria*," presentada por Triple S. Ello, so pena de dar por sometida dicha solicitud sin su comparecencia.

En desacuerdo, el 23 de enero de 2025, el peticionario presentó oportunamente "*Petición de Certiorari*" ante nuestra consideración. Mediante dicho recurso, el peticionario esbozó los siguientes señalamientos de error:

> No determinar que la recurrida tenía que contestar las preguntas del interrogatorio, cuyas respuestas el peticionario objetó, porque no aplica ningún privilegio evidenciario.
>
> No determinar que la recurrida tenía que contestar las preguntas del interrogatorio, cuyas respuestas el peticionario objetó, porque las respuestas dadas no son responsivas, específicas y completas.
>
> No determinar que procedía la eliminación de alegaciones de la recurrida por negarse reiteradamente a descubrir prueba.

En la misma fecha, el peticionario presentó una "*Moción de auxilio de jurisdicción.*" Esto, a los fines de solicitarnos que paralicemos los procedimientos del caso de epígrafe que se están dilucidando ante el tribunal de instancia, para que así el término de veinte (20) días que le fuera concedido para fijar su posición respecto a la "*Solicitud de Sentencia Sumaria*," quede en suspenso hasta la resolución del presente recurso. Al final de la referida moción, el peticionario indicó que notificó a Triple S de su solicitud por correo certificado con acuse de recibo. Ello, en contravención de la notificación simultánea a la presentación de los recursos que se presenten ante este Tribunal, según se establece en la Regla 79(E), *supra.*

**II.**

**Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023);

*800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos

del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

Es norma reconocida, que el tribunal de instancia una gran flexibilidad y discreción para manejar los asuntos judiciales ante su consideración. Véase, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra. La referida discreción se extiende al ámbito de descubrimiento de prueba, para así evitar dilaciones innecesarias en la resolución final de los casos que se presenten. Véase, *Rivera et al. v. Arcos Dorados et al.,* supra. Ante ello, los foros apelativos debemos abstenernos de intervenir indebidamente con el trámite ordinario de un caso y su manejo por los jueces del tribunal de instancia. El caso que hoy nos ocupa versa sobre un asunto atinente al manejo de caso del foro recurrido. Al ser así, y al ejercer la sana discreción que nos ha sido conferida mediante la Regla 40, *supra,* concluimos que no vamos a intervenir en esta etapa de los procedimientos con el criterio del foro recurrido, por lo cual denegamos la expedición solicitada. Ante este tipo de escenario, el peticionario aún conserva la posibilidad de invocar sus señalamientos de error en un recurso apelativo, de ser necesario.

En cuanto a la "*Moción de auxilio de jurisdicción*", determinamos desestimar la misma, dado que el peticionario no acreditó que Triple S fuera notificado de ésta mediante la notificación simultánea al recurso establecida en la Regla 79, *supra*. Finalmente, declaramos *Ha Lugar* la "*Moción de autorización para presentar petición de certiorari en exceso del límite de páginas*." De igual modo, declaramos *Ha Lugar* la "*Moción de autorización para presentar el apéndice en formato digita*l."

**IV.**

Por los fundamentos expuestos, declaramos *Ha Lugar* la "*Moción de autorización para presentar petición de certiorari en exceso del límite*

*de páginas*;" declaramos *Ha Lugar* la "*Moción de autorización para presentar el apéndice en formato digita*l;" desestimamos la "*Moción de auxilio de jurisdicción*, por incumplir con el requisito de notificación simultánea establecido en la Regla 79(E), *supra*; y *denegamos* la expedición del recurso de *certiorari* presentado.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones